## 20800

Joe A. HEWELL, Respondent, v. HAMPTON ENTERPRISES, INC., Appellant.

(248 S. E. (2d) 583)

October 30, 1978.

LEWIS, Chief Justice:

This appeal is from an order of the lower court enjoining appellant Hampton Enterprises from referring to respondent Hewell by name in any responsive pleadings filed by appellant in *two separate actions* brought by Smokey Mountain Restaurants against appellant for the recovery of goods sold in the amount of $28,000.00. The claim of respondent, that appellant should not be permitted to refer to him in the pleadings in the two separate actions, is based upon the contention that an alleged settlement agreement between appellant and respondent prohibits such reference.

The material facts are not in dispute. Respondent Hewell was at one time president of appellant Hampton Enterprises. During the same period respondent was also president and chief executive officer of Smokey Mountain Restaurant,

Inc. Apparently, respondent was charged with "acts of self-dealing, conflict of interests, mismanagement and improper conduct . . . in his capacity as an officer and director of [appellant]." When these charges finally came to appellant's attention, appellant and respondent entered into an agreement whereby respondent was released by appellant from all claims and demands arising out of the activities of respondent with respect to appellant. The parties further agreed that neither party would engage in any act "designed to harm or prejudice the other party in any way."

The actions brought by Smokey Mountain Restaurant, Inc., resulted in a verdict against appellant in the amount of $26,728,00. The appeal from that judgment was dismissed because not timely filed.

The relief sought in the present action relates to the foregoing separate action in which final judgment has now been obtained against appellant. The relief sought here is that the court "issue its order requiring [appellant] to amend its answers and counterclaims in [the action brought by Smokey Mountain Restaurant, Inc.] by deleting therefrom any allegations that the [respondent] exceeded his authority; . . . breached any fiduciary trusts or duties; . . . engaged in acts of self-dealing, conflict of interests, . . . or other improper conduct in his capacity as an officer . . . of Smokey Mountain Restaurant, Inc. . . . ."

Since the relief sought in this action concerns the amendments of pleadings in the prior actions, which have now been reduced to judgment, the issues in this appeal are moot. All issues in the prior action have been resolved and it would avail nothing to now issue an order to have the pleadings amended as respondent seeks in this action.

The order of the lower court is accordingly reversed and the appeal is dimissed.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.